The opinion of the court was delivered by
Spencer, J.
Plaintiff sues the parish of East Baton Rouge.
First — In damages for the amount of certain parish warrants which he surrendered to it, in exchange for an equal amount of five-year parish bonds. He alleges that the parish in 1871, in order to take up its floating indebtedness, executed its bonds, payable in five years, *222 to bearer ; that he, holding $550 of said floating debt, exchanged the evidences thereof for said bonds — which said evidences of indebtedness were by ordinance of the police jury canceled and burned ; that in a certain suit against the parish said bonds were subsequently decreed to be null and void ; .that thereby petitioner was “evicted” of the thing received in exchange, and as the thing given in exchange has been destroyed, he is entitled to recover damages, which he lays at the sum of $550.
Second — For the amount of sundry parish warrants held by him, and amounting to $1877 03.
The answer of the defendant denies generally plaintiff’s allegations. It is specially denied that G. A. Griffith (in whose favor the larger part of said warrants were issued, for salary and services as district attorney pro tem.,) was an attorney at law, or ever authorized to practice as such by competent authority in this State. It is averred that he was totally ignorant of and incompetent to discharge the duties of district attorney pro tem., and was in fact a mere “ figure-head,” rendering no service, and capable of rendering none. That other attorneys had tobe employed and paid, and that there was no consideration for the warrants in favor of Griffith.
The case was tried by jury, who returned a verdict for plaintiff, for eertain items amounting to $245 45, and rejected the balance of the claim.
First — As regards the claim for damages, we think it, under the facts stated, not sustainable either in principle or in equity. Plaintiff held certain warrants of defendant. He voluntarily gave them up to his debtor, and took bonds. It was reasonably certain and must have been, at the time, contemplated by the parties, that the parish authorities would cancel and destroy these warrants. The plaintiff himself, as shown by the record, was chairman of the finance committee of the police jury, and as such reports that he and his committee had burned them all. Volenti non fit injuria, is an old maxim which applies with peculiar force here, since the plaintiff not only consented to the destruction, but was himself the instrument by which it was accomplished.
But on principle, an action in damages is not the proper remedy to recover a sum of money due, the evidence of which has been lost or destroyed. The obligation to pay a sum of money must not be confounded with the instrument evidencing that obligation. The latter may be destroyed without in anywise affecting the former. The transaction was in reality an attempted novation, by the' substitution of a new obligation. If this last was null and void, it did not extinguish the old one, which continued to exist, notwithstanding the destruction of the written evidence of it. Plaintiff should have sued upon the original obligations, alleging the loss or destruction of the evidence of them. *223 He could thereby resort to parol evidence oí the existence, verity, and legality of his claim, and have demanded .judgment therefor. We find in the record no such evidence.
Second — Of the warrants sued upon we think, under the pleadings and evidence, the jury were justified in rejecting those in favor of Griffith, who it appears is still their owner, but has put them in plaintiff’s hands as collateral.
It was specially denied in the answer that Griffith was an attorney at law. If not, he could not be district attorney pro tem. The testimony of a number of attorneys was taken, who stated him to be ignorant and incompetent. This was a sufficient prima facie showing on the part of defendant of his not being an attorney to overcome any presumption resulting from Griffith’s acting in that capacity. It then became plaintiff’s duty to administer affirmative proof that he was a duly authorized attorney at law. This he did not do or attempt. So far as the salanj proper of the district attorney pro tem. is concerned, we do not think it a legitimate or admissible defense that h'e was inefficient or without learning. But as relates to his commissions on suits prosecuted or defended by him for the parish, we see no reason why his claim could not be resisted on the ground that the services were not rendered, or were inefficiently rendered. It is shown that the services claimed to have been rendered by Griffith in these suits, for which he was allowed a commission of five per cent, were rendered in fact by other attorneys ■employed and paid by the parish.
We think, therefore, that the claim of $550 damages, and the Griffith warrants, were properly rejected. But the evidence satisfies us that the other warrants and claims sued upon are legal debts of the parish. The Griffith warrants sued upon amount in the aggregate to the sum of $1246 61, which deducted from $1877 03 leaves $630 42 due plaintiff. The judgment below allowed interest only from date of verdict. This was error. It should have been from maturity of the warrants.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, by increasing the amount thereof to.six hundred and thirty 42-100 dollars, and by allowing interest at five per ■cent per annum on said sum, -as follows :
On $10 thereof from October 3, 1871; on $70 thereof from July 6, 1872; on $5 thereof from September 3,1873; on $8 thereof from September 12,1873; on $100 thereof from April 13, 1875; on $250 thereof from November 6,1875; on $75 thereof from January 7,1876; on $48 25 thereof •from June 16,1876; on $13 90 thereof from July 17,1876; on $1 thereof from October 6,1876; on $29 10 thereof from December 1, 1876; and $20 thereof from December 28, 1876. That as thus amended said judgment is affirmed at costs of the defendant and appellee in both courts.